J. RANDALL JONES, ESQ.
Nevada Bar No.: 001927
MADISON P. ZORNES-VELA
Nevada Bar No.: 013626
KEMP JONES & COULTHARD, LLP
Wells Fargo Tower, 17th Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169
Tel: (702) 385-6000
Fax: (702) 385-6001
Email:  r.jones@kempjones.com
Email:  m.zornes-vela@kempjones.com

Attorneys for Nationwide Biweekly Administration, Inc.,
and Loan Payment Administration, LLC

[additional counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **DEAN KROGSTAD, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LOAN PAYMENT ADMINISTRATION, LLC. and NATIONWIDE BIWEEKLY ADMINISTRATION, INC.**<br><br>**Defendants,**<br><br>**NATIONWIDE BIWEEKLY ADMINISTRATION, INC.**<br><br>**Third-Party Plaintiff,** | CASE NO: 2:16-cv-00465–APG-CWH<br><br>**ORDER**<br><br>UNOPPOSED MOTION FOR LEAVE TO FILE DEFENDANT AND THIRD-PARTY PLAINTIFF NATIONWIDE BIWEEKLY ADMINISTRATION, INC.'S OPPOSITION TO THIRD PARTY DEFENDANT BMO HARRIS BANK, N.A.'S MOTION TO COMPEL ARBITRATION AND DISMISS THIRD-PARTY COMPLAINT IN EXCESS OF TIME LIMITS |

1

| | |
|---|---|
| v. | ) )  ) |
| **BMO HARRIS BANK, N.A.** | ) ) ) |
| **Third-Party Defendant.** | ) ) |

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and Local Rule IA 6-2, and for the reasons set forth in its accompanying Memorandum, Defendant and Third-Party Plaintiff Nationwide Biweekly Administration, Inc. ("NBA") hereby seeks leave of Court to file its Memorandum in Opposition to Third Party Defendant BMO Harris Bank, N.A.'s ("BMO's") Motion to Compel Arbitration and Dismiss Third-Party Complaint, submitted concurrently herewith as **Exhibit B**, in excess of the Local Rule time limits.

Counsel for NBA has conferred with counsel for BMO, and BMO does not oppose the relief requested herein.

                              Respectfully submitted,

                              /s/ J. Randall Jones
                              J. RANDALL JONES, ESQ.
                              Nevada Bar No.:  001927
                              MADISON P. ZORNES-VELA
                              Nevada Bar No.:  013626
                              KEMP JONES & COULTHARD, LLP
                              Wells Fargo Tower, 17th Floor
                              3800 Howard Hughes Parkway
                              Las Vegas, Nevada 89169
                              Tel: (702) 385-6000
                              Fax: (702) 385-6001
                              Email:  r.jones@kempjones.com
                              Email:  m.zornes-vela@kempjones.com

                              and

                              /s/ W.B. Markovits
                              W.B. Markovits

Ohio Bar No.: 0018514
Christopher D. Stock
Ohio Bar No.: 0075443
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
Tel: (513) 651-3700
Fax: (513) 665-0219
bmarkovits@msdlegal.com
cstock@msdlegal.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

In finalizing the Memorandum in Opposition to BMO Harris Bank's Motion to Compel Arbitration and Dismiss Third-Party Complaint, counsel for Defendant and Third-Party Plaintiff Nationwide Biweekly Administration, Inc. ("NBA") realized that the Memorandum in Opposition was due January 26, 2017 and not, as they had calendared it, on February 2, 2017.[1] Counsel immediately contacted local counsel, who had inadvertently left the deadline off local counsel's scheduling calendar.[2] Once counsel for NBA realized that they had mistakenly calendared the Memorandum in Opposition deadline a week late, they contacted counsel for BMO and explained the situation.[3] Counsel for BMO (collegially and graciously) indicated that he understood the situation and that his client would not oppose a motion for leave along the lines requested herein.[4] Counsel for NBA is willing to stipulate to an additional seven days for

---

[1] Declaration of Eric J. Kmetz in Support of Memorandum in Support of Unopposed Motion to File Defendant and Third-Party Plaintiff Nationwide Biweekly Administration, Inc.'s Opposition to Third Party Defendant BMO Harris Bank, N.A.'s Motion to Compel Arbitration and Dismiss Third-Party Complaint in Excess of Time Limits, at ¶2 ("Kmetz Decl.") (attached as **Exhibit A**).
[2] Kmetz Decl., at ¶3.
[3] *Id*. at ¶4.
[4] *Id*. at ¶¶4-5

BMO to respond to the Memorandum in Opposition. Plaintiffs' counsel has also indicted that Plaintiffs do not oppose this Motion.[5]

Counsel for NBA recognizes and respects the District's local rules; it would not intentionally flout them. As set forth below, NBA hereby requests this Court to grant it leave to file its Memorandum in Opposition, submitted as Exhibit B to the accompanying Motion, to exceed the Local Rule time limits.

## II.
## LEGAL ARGUMENT

### A. LEGAL STANDARD

Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines, even after the time to act has expired, if there is good cause and the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Generally, "excusable neglect" does not require counsel to have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388; 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1165 (4th ed. 2015). And rules governing the enlargement of time, like all the Federal Rules of Civil Procedure, are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. Fed. R. Civ. P. 6(b)(1); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010).

Counsel, however, typically must have "some reasonable basis" for not meeting a filing deadline. WRIGHT & MILLER, *supra,* §1165. To determine whether counsel's neglect is

---
[5] *Id.* at ¶6.

"excusable" for purposes of Rule 6(b), courts generally consider four factors set forth by the Supreme Court in *Pioneer*: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *See Pioneer*, 507 U.S. at 395. Each of these factors individual – and all of them collectively – augurs in favor of granting NBA's motion here.

### B. NBA MEETS THE PIONEER STANDARD FOR "EXCUSABLE NEGLECT."

The first *Pioneer* factor seeks to gauge the risk of prejudice to the other side. In this case, there is no risk of prejudice to the other side. NBA is seeking to file a Memorandum in Opposition to BMO's Motion to Dismiss a mere six days after its response deadline under the Local Rules. Of course, NBA has no objection (and would stipulate to) an additional amount of time within which BMO can reply to NBA's Memorandum in Opposition. Nothing else is pending related to these parties collectively that could prejudice the other side. And, perhaps most important, BMO has stated that it does not oppose NBA's motion.[6]

With respect to the second *Pioneer* factor – the length of the delay and the potential impact on judicial proceedings – the delay is one of six days and there is no potential impact on judicial proceedings (with the possible exception of an additional order granting an extension of time for BMO to file its reply brief).

With respect to the third *Pioneer* factor – the reason for the delay and whether it was within counsel's reasonable control – the reason for the delay is that counsel mistakenly

---

[6] Kmetz Decl., at ¶5.

calendared the date for opposition as twenty-one days and not fourteen days.[7] This calendaring error was within counsel's reasonable control, and counsel takes full responsibility for it.[8]

With respect to the fourth *Pioneer* factor – whether counsel acted in good faith – counsel submits that it acted in good faith. Counsel inadvertently calendared the response date exactly a week later than the proper date (twenty-one days, rather than fourteen days).[9] This did not raise a red-flag to counsel because twenty-one days is the standard response date in the federal jurisdiction in which they typically practice (and in which NBA resides).[10] As soon as counsel learned of the error, counsel contacted opposing counsel and immediately filed the Memorandum in Opposition in a good faith attempt to remedy the situation in a way that would not prejudice BMO.[11]

### III.

### CONCLUSION

For the foregoing reasons, NBA respectfully requests this Court to grant its unopposed motion for leave to file its Memorandum in Opposition in excess of the Local Rule time limits.

Dated: February 1, 2017

Respectfully submitted,

**SO ORDERED.**

_____
United States District Judge
Dated: February 2, 2017.

/s/ J. Randall Jones
J. RANDALL JONES, ESQ.
Nevada Bar No.: 001927
MADISON P. ZORNES-VELA
Nevada Bar No.: 013626
KEMP JONES & COULTHARD, LLP
Wells Fargo Tower, 17th Floor
3800 Howard Hughes Parkway

---

[7] *Id.* at ¶2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at ¶2.
[11] *Id.* at ¶¶5-6.

Las Vegas, Nevada 89169
Tel: (702) 385-6000
Fax: (702) 385-6001
Email: r.jones@kempjones.com
Email: m.zornes-vela@kempjones.com

and

/s/ W.B. Markovits
W.B. Markovits
Ohio Bar No.: 0018514
Christopher D. Stock
Ohio Bar No.: 0075443
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
Tel: (513) 651-3700
Fax: (513) 665-0219
*bmarkovits@msdlegal.com*
*cstock@msdlegal.com*

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____