# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEAN KROGSTADT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOAN PAYMENT ADMINISTRATION, LLC and NATIONWIDE BIWEEKLY ADMINISTRATION, INC.,<br><br>Defendants.<br><br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK, N.A.,<br><br>Third-Party Defendant. | Case No. 2:16-cv-00465-APG-CWH<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS THIRD-PARTY COMPLAINT**<br><br>(ECF No. 51) |

Third-Party Defendant BMO Harris Bank, N.A. moves to dismiss the third-party claims asserted against it by Nationwide Biweekly Administration, Inc. (NBA). ECF No. 51. Because those claims are subject to a valid arbitration agreement, I grant BMO's motion.

BMO and NBA are parties to a Master Agreement. ECF No. 40-1. That contract contains a provision mandating the arbitration of all disputes "arising out of or relating to" the agreement or services provided under that agreement. *Id.* at 20. The parties concede the validity of the Master Agreement and arbitration provision, and that the claims at issue in the Third-Party Complaint fall within that provision. NBA tries to avoid arbitration by focusing on one specific part of the arbitration provision that it refers to as the "blow provision":

> If a court decides that any part of this arbitration provision (other than the prohibition of class or representative actions and/or consolidation) is invalid or unenforceable, the other parts of this arbitration provision will still apply. However, if a court decides that this paragraph's prohibition of class or

> representative actions and/or consolidation is invalid or unenforceable, then the entirety of this arbitration provision will be null and void.

*Id.* at 21, § 20(b). NBA argues that because courts have invalidated arbitration provisions prohibiting class or representative actions in the employment context, the "blow provision" renders the entirety of the Master Agreement's arbitration provision null and void. ECF No. 61 at 2. This argument fails for two reasons. First, this is not an employment case and NBA's claims against BMO do not constitute a class action. Second, no court has invalidated this arbitration provision in the Master Agreement. The "blow provision" focuses on "*this paragraph's* prohibition of class or representative actions and/or consolidation." ECF No. 40-1 at 21, § 20(b) (emphasis added). It is not concerned with provisions in other contracts and other cases. Because no court has invalidated the arbitration provision in the Master Agreement, NBA's claims must be arbitrated.

Finally, NBA argues for a stay, rather than dismissal, of its claims against BMO under section 3 of the Federal Arbitration Act. 9 U.S.C. § 3. That section "gives a court authority . . . to grant a stay pending arbitration, but does not preclude summary judgment when all claims are barred by an arbitration clause." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). As in *Sparling*, section 3 of the FAA does not limit my authority to dismiss NBA's claims because all of NBA's claims against BMO are subject to arbitration. Thus, there is no reason for me to retain jurisdiction over them and I dismiss the third-party complaint against BMO.

IT IS THEREFORE ORDERED that Third-Party Defendant BMO Harris Bank, N.A.'s motion **(ECF No. 51) is GRANTED.** Should Nationwide Biweekly Administration, Inc. decide to pursue its claims against BMO, it is compelled to submit them to arbitration. The claims asserted against BMO by NBA in this case are dismissed without prejudice.

DATED this 13th day of April, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE