# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEAN KROGSTAD, | Case No. 2:16-cv-00465-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 100), filed on April 10, 2019, Defendants' Opposition (ECF No. 102), filed on April 23, 2019, and Plaintiff's Reply (107), filed on April 30, 2019.

This matter is also before the Court on Defense Counsel's Motion to Withdraw (ECF No. #114), filed July 29, 2019, Defendants' Motion for Extension of Time to Submit Discovery Plan (ECF No. 115), filed on July 29, 2019, Plaintiff's Opposition (ECF No. 117), filed on August 1, 2019, and Defendants' Reply (ECF No. 119), filed on August 7, 2019, along with Defendants' Motion for Sixty Days Within New Counsel for Defendants May Enter An Appearance (ECF No. 116), filed July 29, 2019.

## I. DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117

(9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id.* at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.*

Here, the deadline to amend and add a party expired on May 13, 2017, almost two years prior to the date of the filing of the instant motion to amend. (ECF No. 75). Defendants argue the expiration of such amount of time and the fact that the deadline was extended several times prior to that deadline warrants denial of Plaintiff's request. However, shortly after the expiration of the subject deadline, a stay of the case was ordered on July 10, 2017 (ECF No. 83). Plaintiff contends that it was not until February 2019 that it became aware of the need to amend and promptly moved for leave to amend after the stay was lifted on April 5, 2019. (ECF No. 96). Because Plaintiff was not fully aware of the basis for the amendment until after the deadline

passed and the stay was in effect, Plaintiff could not have filed a timely motion to enlarge the deadline before it expired. There is no basis for a finding that the timing of Plaintiff's motion to amend shows undue delay, bad faith, or dilatory motive on its part. Plaintiff has sufficiently demonstrated that the delay was the result of deposition testimony during the stay and a court finding in another action issued on September 8, 2017.

Defendants also argue they will be prejudiced by the amendment, but the burden rests on Defendant to demonstrate such and they have not met that burden. Plaintiff represents that no discovery has taken place to date with no depositions and no dispositive motions filed. (ECF no. 100, 11-12). Indeed, the parties have yet to file a new discovery plan subsequent to the stay being lifted. Defendants place emphasis on the time period between the filing of the case and the entering of the stay as the basis for them being prejudiced. The passage of time is not reason enough to preclude amendment. *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."). Moreover, the statute of limitations has not expired on Plaintiff's breach of contract claim.

Defendants' futility arguments are also unpersuasive. When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted). Defendants have not shown that Plaintiff could not state a plausible claim, just that they expect Plaintiff cannot ultimately prove them. Plaintiff includes sufficiently detailed factual allegations regarding Nevada's alter-ego statute at this stage to permit amendment and add Mr. Lipsky as a defendant.

(ECF No. 100-1, 11-12). Thus, the court finds good cause to reopen the amendment period and excusable neglect for the delay.

In addition, defense counsel requests leave to withdraw as counsel of record for Defendants Nationwide Biweekly Administration, Inc. and Loan Payment Administration, LLC, due to Defendants' representation that they will be unable to pay counsel. Pursuant to Local Rule IA 11-6(b), "[n]o attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel." All affected parties, including Plaintiff,[1] have been made aware of the motion, and there is good cause for withdrawal. However, Defendants are corporate entities must retain new counsel if they intend to continue to litigate this matter. A corporation may appear in federal court only through licensed counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Given the request to withdraw, Defendants also request an extension of 60 days to the July 29, 2019 deadline to submit a proposed discovery plan and scheduling order as required by the Court's Order (ECF No. 110). Plaintiff opposes this request due to the substantial time already elapsed in this case (ECF No. 117). Defendants reply that they are attempting to coordinate the new deadline with the opportunity to retain new counsel. However, LR IA 11-6(d) clearly states, "[W]ithdrawal . . . of an attorney will not alone be reason for delay of . . . discovery . . . in the case." Section (e) reemphasizes this principle by stating, "no withdrawal . . . will be approved if it will result in delay of discovery."

---

[1] Plaintiff "takes no position" with respect to Defense counsel's request to withdraw. (ECF No. 117, 4:20-21).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 100) is **granted**. Plaintiff shall file and serve the amended pleading in accordance with Local Rule 15-1.

**IT IS HEREBY ORDERED** that Defense counsel's Motion to Withdraw (ECF No. #114) is **granted**. Attorneys Elizabeth A. Skane and Sarai L. Brown of the law firm of Skane Wilcox LLP shall no longer represent Defendants in this matter.

**IT IS FURTHER ORDERED** that withdrawing counsel shall serve a copy of this order on Defendants and file proof of service by **Monday, August 26, 2019**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sixty Days Within New Counsel for Defendants May Enter an Appearance (ECF No. 116) is **granted in part and denied in part**. Defendants shall have until **Monday, September 9, 2019**, to advise the Court if they will retain new counsel by filing a status report or new counsel entering a notice of appearance.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to Submit Discovery Plan (ECF No. 115) is **granted in part and denied in part**. The parties shall have until **Monday, September 16, 2019**, to file a proposed discovery plan and scheduling order that complies with Local Rule 26-1.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

1. Add the last known address of Defendants Nationwide Biweekly Administration, Inc. and Loan Payment Administration, LLC to the civil docket:

    **855 Lower Bellbrook Road**

    **Xenia, Ohio 45385**

2. Mail a copy of this order to Defendants at their last known address listed above.

DATED: August 19, 2019.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE