**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| DEAN KROGSTAD, | Case No. 2:16-cv-00465-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC and DANIEL LIPSKY, | |
| Defendants. | |

This matter is before the Court on Defendant Daniel Lipsky's Motion to Deem Answer (ECF No. 11) as Answer to Amended Complaint ECF No. 122 (ECF No. 163) and Motion to Bifurcate Case (ECF No. 164), filed on September 15, 2020. Plaintiff filed a Response (ECF Nos. 165) on September 25, 2020 and Defendant filed Replies (ECF Nos. 169-170) on October 13, 2020. The Court finds these matters properly resolved without a hearing. LR 78-1.

Defendant Daniel Lipsky, who is currently proceeding pro se, requests to the Answer that was filed on behalf of the corporate defendants to original complaint also serve as the answer on behalf of all defendants for the amended complaint. (ECF No. 163). He also seeks to separate the alter-ego claim from the rest of the claims by bifurcating the case. (ECF No. 164). Plaintiff replies that neither request is proper as Lipsky cannot represent corporate defendants and his bifurcating request is merely a delay tactic. (ECF No. 165). Lipsky replies that he is acting only on his own behalf and he does not intend any prejudice. (ECF Nos. 169-170).

The Court finds that Plaintiff's requests are meritless. He is required to file a responsive pleading to the amended complaint on his own behalf as he is proceeding pro se. To the extent that him or any of the corporate defendants do not timely file a responsive pleading, they may be subject to dispositive sanctions including dismissal. Indeed, the Court already issued an Order

ECF No. 159 on August 18, 2020 requiring the corporate defendants to retain counsel as they must retain new counsel if they intends to continue to defend this matter.  *See United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney.").  To date, they have not complied with this Order.  The Court will grant them one more opportunity to file a notice of counsel by November 16, 2020.  To the extent that no such notice is filed, they may be subject to dispositive sanctions including an entry of default against them.

As for Lipsky's bifurcation request, the Court does not find that discovery in this case would be conducted in accordance with Rule 1's interests if it permitted bifurcating.  Indeed, Fed.R.Civ.P. 42(b) permits separating the trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice.  The Court does not find bifurcation appropriate here as the alter-ego issue may be properly resolved with the breach of contract claims and discovery related to each claim will overlap.  It is not persuaded that bifurcation would promote judicial economy as it would require the District Judge to have two trials with many of the same witnesses and evidence.  *See, e.g., U.S. v. Ergs, Inc.*, 2006 WL 778622 (D. Nev. Mar. 27, 2006).  Rather, discovery would only be delayed if the issues were separated.  As such, the Court will deny Lipsky's request.

**IT IS HEREBY ORDERED** that Defendant Daniel Lipsky's Motion to Deem Answer (ECF No. 11) as Answer to Amended Complaint ECF No. 122 (ECF No. 163) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Nationwide Biweekly Administration, Inc. shall have until **November 16, 2020** to advise the Court if it will retain new counsel.  Failure to notify the Court as to its new representation may subject it to dispositive sanctions, including a recommendation for dismissal of this action.

**IT IS FURTHER ORDERED** that Defendant Loan Payment Administration LLC shall have until **November 16, 2020** to advise the Court if it will retain new counsel.  Failure to notify

the Court as to its new representation may subject it to dispositive sanctions, including a recommendation for dismissal of this action.

**IT IS FURTHER ORDERED** that Defendant Daniel Lipsky's Motion to Bifurcate Case (ECF No. 164) is **denied**.

DATED: October 19, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE